## Joseph E. Gray & al. *versus* Aaron Farmer.

The plaintiffs, being about to purchase grass seed for themselves, received money from the defendant, with a request to purchase seed for him at a certain rate. They bought for themselves and the defendant, and sent it together in bags marked in the names of the plaintiffs. Upon its arrival at the place where the parties resided, the defendant took all the seed and sold it : — *Held*, that the facts would not sustain a count upon an account annexed by the plaintiffs against the defendant, but it would support a count for money had and received.

On Report.

Indebitatus Assumpsit on account annexed for seven and $\frac{23}{45}$ths bushels of herdsgrass seed, and money counts.

It appeared that one of the plaintiffs (co-partners and

merchants,) being about to go to Boston in the winter of 1866 – 7, to purchase grass seed, was asked by the defendant to invest $200 of the latter's money in herdsgrass seed, at not exceeding $4,50 per bushel, and clover seed, at not exceeding one shilling per pound. Said plaintiff received defendant's $200, went to Boston, purchased for plaintiffs and defendant 75$\frac{24}{45}$ bushels of herdsgrass seed, at 4,12$\frac{1}{2}$ per bushels and 276lbs of clover seed, at 15$\frac{1}{2}$ cents per pound, put it all together in bags marked " Gray & Hilton, Farmington," and had it forwarded by rail. Defendant took all the seed to his store. While in Boston, said plaintiff arranged for future purchases at same rate. Defendant sold all the clover seed at a large profit, and requested said plaintiff to make another purchase for him, mostly clover seed, same quality and at same rate. Accordingly, said plaintiff received from said defendant $300, and, putting $100 of the plaintiffs' money with it, sent to same parties in Boston, of whom the former purchase was made, who, in due time, sent the seed directed as before. It was divided by bags, by plaintiffs and defendant, at depot in Farmington, the parties taking their portion thus divided to their respective stores. Each party sold such of their seed, and at such prices, as they deemed best.

The parties not being able to settle, the plaintiffs sued the defendant for the difference between the amount of seed their money paid for and the amount they had received.

After the testimony was all in, the case was withdrawn from the jury, and continued "law on report," with the agreement that the action should stand for trial if it could be maintained.

*S. C. Belcher*, for the plaintiffs.

*H. L. Whitcomb*, for the defendant.

DANFORTH, J. — The evidence reported in this case does not show any sale of grass seed by the plaintiffs to the defendant, nor any facts from which the law will raise an implied promise on the part of the defendant to pay for the

Gray *v.* Farmer.

same, but on the other hand negatives any such proposition. There is, then, nothing on which the account annexed to the writ can stand, and for that the suit must fail. The count for money had and received stands upon a different ground. Such a count may be sustained, not only without an express promise, but even against the defendant's denial of his liability, when it appears that the defendant has received money which in equity belongs to the plaintiff; as where he rightfully or wrongfully sells the plaintiff's property and receives the money for it.

In this case, it appears that the plaintiffs purchased seed for themselves and, at the same time, bought a quantity for the defendant, he furnishing the money for that purpose. All the seed was mixed together, and this was done without any objection on the part of the defendant, and it may be presumed with his consent, as he afterwards took the whole of the first lot into his possession, and divided the second lot. It follows that the parties were owners of the seed as tenants in common, each owning in proportion to the money he put in. The defendant sold a part or all of the first lot and has received the money therefor. He has, therefore, money which he received for plaintiffs' property. It is true that a bill in equity may be the proper remedy to adjust differences between part-owners growing out of the case, or in some cases, the income of the property; but, it is equally true, that, where one part-owner, with or without the consent of the other, sells his co-tenant's interest and receives the money for it, he is liable in a suit at law for that money. Whether he did thus sell the plaintiffs' interest in the seed, and to what amount, are questions for the jury, and, to settle them, according to the agreement of the parties, the action must stand for trial.

KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.